IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **LARRY G. WASHINGTON, I,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-01025-O-BP |
| | § | |
| | § | |
| **UNITED STATES OF AMERICA and FBOP,** | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

By Order dated November 22, 2022, because Plaintiff Larry G. Washington, I ("Washington") had paid the filing fee, the Court directed him to ensure that all defendants in this matter were effectively served with process within 90 days after the filing of the complaint. ECF No. 8. On February 21, 2023, the Court *sua sponte* extended the deadline for Washington to serve the defendants until March 23, 2023. ECF No. 9. On March 6, 2023, the clerk's office in the Dallas Division of the Court issued summons to Washington for service on the United States of America, the U.S. Attorney, and the U.S. Attorney General. ECF No. 11. However, as of the date of this recommendation, Washington has not filed proof of service with the Court, as required by Federal Rule of Civil Procedure Rule 4(l).

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after

the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

When the Court issued its November 22, 2022 Order, it warned Washington that "if the defendants [were] not served within 90 days after the filing of the complaint, the action [would be] subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m)." ECF No. 8. Additionally, the Order stated that "[i]n addition, Fed. R. Civ. P. 4(l) requires the plaintiff to file proof of service with the Court unless service is waived. *Id*. Finally, the Court warned Washington that"[i]f the plaintiff does not file a valid return of service or otherwise show that the defendants were properly served, this action may be dismissed as to any defendant who was not properly served." *Id*. When the Court *sua sponte* extended the deadline to serve process, it again warned Washington that failure to serve the defendants with process by the deadline, "would result in a recommendation to United States District Judge Reed O'Connor that the defendants be dismissed from this case without prejudice pursuant to Rule 4(c)." ECF No. 9.

Washington has neither served process on the defendants in a timely fashion under Federal Rule of Civil Procedure 4 nor has he filed a proof of service with the Court. Additionally, he did not show cause by March 23, 2023, to why his case against defendants should not be dismissed

for failing to serve process. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS without prejudice** Washington's claims against the defendants under Fed. R. Civ. P. 4(m) for failure to timely serve process.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 3, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE